UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------
                                                          :
ALLIED INDUSTRIAL                                         :
DEVELOPMENT CORPORATION,                                  :
                                                          :        CASE NO. 4:09-CV-01904
                                  Plaintiff,              :
                                                          :
              v.                                          :        OPINION & ORDER
                                                          :        [Resolving Doc. Nos. 50, 62 & 65.]
OHIO CENTRAL                                              :
RAILROAD, INC., *et al.*,                                 :
                                                          :
                                  Defendants.             :
                                                          :
-----------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        In this trespass action, the defendant railroad companies removed the case to federal court

and now move to dismiss the case for lack of jurisdiction under Federal Rule of Civil Procedure

12(b)(1).  [Doc. 1; Doc. 50.]  In the alternative, the defendants ask the Court to refer certain issues

in the case to the Surface Transportation Board.  [Doc. 50.]  The plaintiff opposes the defendants'

motion.  [Doc. 62.]  For the reasons that follow, the Court REMANDS this case to the Mahoning

County Court of Common Pleas.

**I.**

        In its complaint, plaintiff Allied Industrial Development Corp. alleges that it purchased two

parcels of property in Youngstown from third-party defendant Gearmar Properties, Inc., who had

previously purchased the parcels from defendants The Ohio & Pennsylvania Railroad Company and

The Mahoning Valley Railway Company.  [Doc. 1-1.]  Allied Industrial alleges that, without its

Case No. 4:09-CV-01904
Gwin, J.

consent, the defendants currently occupy an office building on one of the parcels and are using the

other parcel for storage.  [Doc. 1-1.]  Allied Industrial has asked the defendants to vacate the parcels,

but the defendants remain on the land.  [Doc. 1-1.]

As a result, Allied Industrial filed this state-law action in the Mahoning County Court of

Common Pleas.   [Doc. 1-1.]   Allied Industrial's complaint seeks (1) forcible entry and

detainer/ejectment under Ohio statutory and common law; (2) the fair rental value of the parcels

during the defendants' unlawful trespass; and (3) damages caused by the defendants during their

unlawful trespass.  [Doc. 1-1.]

In response, the defendants removed the case to this Court on the basis of federal question

jurisdiction.  [Doc. 1.]  See 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of

which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division

embracing the place where such action is pending."); 28 U.S.C. § 1331 ("The district courts shall

have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States.").  The defendants' removal notice states that because Allied Industrial's requested

relief would force them to abandon service over the rail lines on the parcels in question, and because

the Interstate Commerce Commission Termination Act ("ICCTA") explicitly preempts state law

regulating rail transportation, this action "aris[es] under" federal law.  [Doc. 1 at ¶ 7. (citing 49

U.S.C. § 10501(b) ("[T]he remedies provided under this part with respect to regulation of rail

transportation are exclusive and preempt the remedies provided under Federal or State law.")).]

The defendants now move to dismiss this action for lack of jurisdiction on the ground that

the ICCTA vests exclusive jurisdiction in the Surface Transportation Board.  [Doc. 50 at 5-15 (citing

-2-

Case No. 4:09-CV-01904
Gwin, J.

49 U.S.C. § 10501(b) ("The jurisdiction of the [Surface Transportation] Board over . . . [the] operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities . . . is exclusive.")).]  In the alternative, the defendants ask the Court to refer the ICCTA issues in this case to the Surface Transportation Board.  [Doc. 50 at 16-18.]

## II.

A fundamental principle of federal procedure is that federal courts have limited subject-matter jurisdiction and are powerless to decide cases beyond that limited jurisdiction.  Consequently, as the Supreme Court has explained:

> "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." . . .  The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception."

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1997) (internal citations omitted).

Because federal jurisdiction is a "threshold matter," *id.* at 94, federal courts must raise the jurisdictional issue *sua sponte* whenever their lack of jurisdiction becomes apparent.  *See, e.g.*, *Mansfield C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  Further, a court of appeals must vacate any federal district court judgment entered absent jurisdiction and dismiss the action. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 154 (1908).  With these principles in mind, the Court turns to whether it has jurisdiction over any part of this case.

Under the "well-pleaded complaint" rule, an action "aris[es] under" federal law—conferring

Case No. 4:09-CV-01904
Gwin, J.

federal jurisdiction under 28 U.S.C. § 1331—"only when the plaintiff's statement of his own cause of action shows that it is based upon" federal law.  *Mottley*, 211 U.S. at 152.  Here, Allied Industrial, master of its complaint, named only state-law claims: forcible entry and detainer under Ohio Rev. Code Ann. §§ 1923.01 *et seq.* and trespass under Ohio common law.  [Doc. 1-1.]

The defendants' notice of removal contends that because the ICCTA preempts Allied Industrial's claims, this Court has jurisdiction under § 1331.  [Doc. 1.]  But preemption is generally a defense, and the interposition of a federal-law defense against a state-law claim is insufficient to confer federal jurisdiction.  *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 14 (1983) ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption.").

Nor does the "complete preemption" exception to the well-pleaded complaint rule apply here. Under that exception, if "the pre-emptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,'" then "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (noting that § 301 of Labor Management Relations Act completely preempts state claims for violation of collective bargaining agreements).  *See also* 13D Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, *Federal Practice & Procedure* § 3566 (3d ed. 2008) ("[The doctrine of "complete preemption"] is based on the theory that some federal statutes have such an overwhelming preemptive effect that they do more than merely provide a defense to a state-law claim.  Rather, they take over an entire substantive subject matter area, supplant state law, and make the area inherently federal.  Any claim asserted in that

-4-

Case No. 4:09-CV-01904
Gwin, J.

substantive area—even a claim ostensibly based upon state law—is thus federal and the claim necessarily arises under federal law and invokes federal question jurisdiction.") (footnote omitted).

In this case, the "complete preemption" exception does not apply because neither of Allied Industrial's claims comes within the scope of the ICCTA's preemption clause.  That clause's central concern is "*regulation* of rail transportation"—not the incidental effect on rail transportation caused by a landowner's right to exclude others from its property.  49 U.S.C. § 10501(b) (emphasis added).  As the Sixth Circuit has explained, the ICCTA "preempts all 'state laws that may reasonably be said to have the effect of managing or governing rail transportation, while permitting the continued application of laws having a more remote or incidental effect on rail transportation.'"  *Adrian & Blissfield R.R. Co. v. City of Blissfield*, 550 F.3d 533, 539 (6th Cir. 2008) (citation omitted) (holding, in context of conflict preemption, that ICCTA does not preempt state statutes requiring railroads to pay for maintenance of pedestrian sidewalks); *see also PCS Phosphate Co., Inc. v. Norfolk S. Corp.*, 559 F.3d 212, 218 (4th Cir. 2009) (Wilkinson, J.) (holding, in context of express and conflict preemption, that ICCTA does not preempt state contract claims that may affect railroad operations).

Moreover, the Surface Transportation Board's own interpretation of the ICCTA preemption clause reinforces the limited nature of the ICCTA's complete preemptive reach.  That clause recognizes only two categories of categorically preempted state actions:  (1) "any form of state or local permitting or preclearance that, by its nature, could be used to deny a railroad the ability to conduct some part of its operations or to proceed with activities that the Board has authorized," and (2) "state or local regulation of matters directly regulated by the Board—such as the construction, operation, and abandonment of rail lines; railroad mergers, line acquisition, and other forms of consolidation; and railroad rates and service."  *CSX Transp., Inc.*, STB Finance Docket No. 34662,

Case No. 4:09-CV-01904
Gwin, J.

2005 WL 1024490, at *2 (May 3, 2005).

Here, Allied Industrial's Ohio law claims cannot be said to "regulate" the abandonment of rail lines.  It is true that the upshot of Allied Industrial's claims (if successful) might affect certain of the defendants' rail lines.  But the cause of that outcome is not Ohio's direct regulation of the defendants' rail lines; rather, the cause is the defendants' sale of the two parcels at issue to Gearmar. *Cf.* *New Orleans & Gulf Coast Ry. Co. v. Barrios*, 533 F.3d 321, 334 (5th Cir. 2008) ("The fatal defect in the Railroad's argument is that the Railroad fails to establish that any unreasonable interference with railroad operations is caused by operation or application of the Louisiana state law as opposed to the independent actions of private parties."); *PCS Phosphate Co.*, 559 F.3d at 218 ("Voluntary agreements between private parties . . . are not presumptively regulatory acts, and we are doubtful that most private contracts constitute the sort of 'regulation' expressly preempted by the statute.  If contracts were by definition 'regulation,' then enforcement of every contract with 'rail transportation' as its subject would be preempted as a state law remedy 'with respect to regulation of rail transportation.'") (footnote omitted).  Thus, the "complete preemption" exception does not apply in this case.

Because the ICCTA does not completely preempt Allied Industrial's state claims for purposes of the well-pleaded complaint rule, this case does not "aris[e] under" federal law.  28 U.S.C. § 1331. Thus, the defendants' removal of this case under 28 U.S.C. § 1441 was improper, and the Court must remand the case to state court.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

To clarify, the conclusion that the ICCTA does not "completely preempt" Allied Industrial's state-law claims applies only to the jurisdictional question.  *See* 13D Wright, Miller, Cooper & Freer

Case No. 4:09-CV-01904
Gwin, J.

§ 3566 ("The name ['complete preemption'] is misleading and this doctrine should be contrasted with 'ordinary' or 'conflict' preemption, under which federal law provides a defense to a state-law claim.  'Complete preemption,' in contrast, is actually a doctrine of subject matter jurisdiction."). The Court does not resolve the separate issue of whether the ICCTA's preemption clause provides a defense to Allied Industrial's claims—an issue that the defendants are free to raise in the state court.

Finally, because the defendants' improper removal of this case has caused Allied Industrial to incur significant expenses, the Court orders that the defendants pay Allied Industrial's costs, including attorney's fees, incurred in defending against their 12(b)(1) motion.  [Doc. 50.]  *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal").  However, this order does not include the costs Allied Industrial incurred in preparing its summary judgment motion because Allied Industrial can likely re-use much of that motion to move for summary judgment in the state court.  [Doc. 54.]

**III.**

In sum, because this case does not "aris[e] under" federal law, the defendants' removal of the case was improper.  As a result, the Court **REMANDS** the case to the Mahoning County Court of Common Pleas and **ORDERS** that the defendants pay Allied Industrial's actual expenses incurred

Case No. 4:09-CV-01904
Gwin, J.

as a result of removal.

      IT IS SO ORDERED.


Dated: March 15, 2010                  s/       *James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE