UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------
                                                    :
ALLIED INDUSTRIAL                                   :
DEVELOPMENT CORPORATION,                             :
                                                    :     CASE NO. 4:09-CV-01904
           Plaintiff,                               :
                                                    :
       v.                                           :     OPINION & ORDER
                                                    :     [Resolving Doc. Nos. 82, 83, 88 & 89.]
OHIO CENTRAL                                         :
RAILROAD, INC., *et al.*,                            :
                                                    :
           Defendants.                              :
                                                    :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       The defendant railroad companies in this trespass action move this Court to reconsider its

award of attorney's fees that Plaintiff Allied Industrial Development Corporation incurred as a result

of the defendants' improper removal of this case from state court.  [Doc. 82; Doc. 79 (remand

order).]  Because the defendants' ground for removing this case was not objectively reasonable, the

Court DENIES their reconsideration motion.

       The case law interpreting 28 U.S.C. § 1447(c) entrusts the award of costs and attorney's fees

to the district court's sound discretion.  *See, e.g.*, *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d

238, 240 (6th Cir. 1993).  The Sixth Circuit has held that an award of costs under § 1447(c) does not

require a finding that the removing party had an improper purpose.  *Id.* at 240.  Rather, the normal

rule, according to the Supreme Court, is that district courts may award fees "when the removing

party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,*

-1-

Case No. 4:09-CV-01904
Gwin, J.

546 U.S. 132, 141 (2005).  Here, the defendants lacked an objectively reasonable basis for removal.

The defendants removed this case on the ground that it "ar[o]s[e] under" federal law because the Interstate Commerce Commission Termination Act explicitly preempts state laws regulating rail transportation—like Ohio trespass law, which could force the defendants to abandon rail service over the rail lines on the property in question.  [Doc. 1 at ¶ 7. (citing 49 U.S.C. § 10501(b) ("[T]he remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.")).]

This ground for removal was not objectively reasonable because the "well-pleaded complaint rule" disallows removal on the basis of a federal-law defense—like preemption—to a state-law cause of action.  *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983) ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption.").

The defendants pin their counterargument on the "complete preemption" exception to the well-pleaded complaint rule.  [Doc. 82 at 3-8.]  But that argument flounders because Ohio trespass law falls outside the ICCTA's preemptive scope, which covers only "*regulation* of rail transportation." 49 U.S.C. § 10501(b) (emphasis added).  A law that merely has the *incidental effect* of rail line abandonment does not "regulat[e]" rail transportation.[1/] *Id.*  Accordingly, courts have limited the scope of ICCTA preemption to "'state laws that may reasonably be said to have the effect

---

[1/]If the contrary were true, as the defendants argue, then the scope of ICCTA preemption would be staggering, sweeping away state contract, tort, and property law.  Indeed, it is difficult to imagine a state law that could not, in some circumstance, incidentally cause rail line abandonment.  *But cf. Fayard v. Ne. Vehicle Servs., LLC*, 533 F.3d 42, 47 (1st Cir. 2008) (Boudin, J.) ("No one supposes that a railroad sued under state law for unpaid bills by a supplier of diesel fuel or ticket forms can remove the case based on complete preemption simply because the railroad is subject to the ICCTA.").

Case No. 4:09-CV-01904
Gwin, J.

of managing or governing rail transportation, while permitting the continued application of laws having a more remote or incidental effect on rail transportation.'" *Adrian & Blissfield R.R. Co. v. City of Blissfield*, 550 F.3d 533, 539 (6th Cir. 2008) (citation omitted) (state tax for maintenance of public sidewalks); *see also, e.g.*, *PCS Phosphate Co., Inc. v. Norfolk S. Corp.*, 559 F.3d 212, 218 (4th Cir. 2009) (Wilkinson, J.) (state contract law); *New Orleans & Gulf Coast Ry. Co. v. Barrios*, 533 F.3d 321, 334 (5th Cir. 2008) (state law authorizing private railroad crossings); *Fayard v. Ne. Vehicle Servs., LLC*, 533 F.3d 42, 47 (1st Cir. 2008) (Boudin, J.) (state nuisance law).[2]

In the alternative, the defendants argue that even if their basis for removal was not objectively unreasonable, a fee award is not appropriate because Allied Industrial did not seek remand in a

---

[2]Many of the cases cited by the defendants are distinguishable because—unlike here—the state laws in question specifically targeted rail transportation. *See, e.g.*, *State v. Ill. Cent. R.R. Co.*, 928 So.2d 60 (La. Ct. App. 2005) (holding, in context of conflict preemption, that ICCTA preempted state statute directly governing ownership of particular parcel containing railroad tracks); *Rawls v. Union Pac. R.R. Co.*, No. 09-CV-1037, 2010 WL 892115, at *1 (W.D. Ark. Mar. 9, 2010) (holding that ICCTA completely preempted state-law claims for "inadequate audible warnings; inadequate visual warnings; failure to exercise reasonable care in [defendant's] train operations; failure to inspect and repair unsafe crossing conditions; specific unsafe crossing conditions; failure to report unsafe crossing conditions; failure to work with state and local authorities to maintain proper signs, signals, and markings; and, failure to properly train, instruct and manage its employees with respect to its operating practices and rules"); *South Dakota ex rel. S.D. R.R. Auth. v. Burlington N. & Santa Fe Ry. Co.*, 280 F. Supp. 2d 919, 929 (D.S.D. 2003) (holding that ICCTA completely preempted "state contract and tort law remedies arising out of contracts which were previously approved by the ICC and the STB pursuant to federal law").

In *PCI Transportation v. Fort Worth & Western Railroad Co.*, 418 F.3d 535 (5th Cir. 2005), the Fifth Circuit erroneously failed to analyze the complete preemption issue from the perspective of the plaintiff's cause of action—instead giving dispositive weight to the fact that the ICCTA's remedies are exclusive. *Id.* at 544-45. That analysis misses the point. Yes, the ICCTA's remedies are exclusive—but only within the domain of "regulation of rail transportation." 49 U.S.C. § 10501(b). Thus, the complete preemption inquiry must ask whether the state law on which the plaintiff's claim is based in fact "regulat[es] . . . rail transportation." *Id. See also Fayard*, 533 F.3d at 47 ("But even where a federal statute can completely preempt some state law claims, the question remains *which* claims are so preempted. . . . For complete preemption, the critical question is whether federal law provides an exclusive substitute federal cause of action that a federal court (or possibly a federal agency) can employ for the kind of claim or wrong at issue. Accordingly, we narrow our focus to the nuisance claims brought by the [plaintiffs].") (emphasis in original; footnote deleted).

Finally, the court in *Cedarapids, Inc. v. Chicago, Central & Pacific Railroad Co.*, 265 F. Supp. 2d 1005 (N.D. Iowa 2003), concluded that the ICCTA preempts any state law claim that would have the effect of rail line abandonment. As explained above, that construction reads the scope of ICCTA's preemption clause too broadly.

Case No. 4:09-CV-01904
Gwin, J.

timely manner. *See, e.g.*, *Martin*, 546 U.S. at 141 ("[A] plaintiff's delay in seeking remand . . . may affect the decision to award attorney's fees."). But the Court's remand order took this factor into account by awarding Allied Industrial only the "costs, including attorney's fees, incurred in defending against the[ defendants'] 12(b)(1) motion." [Doc. 79 at 7.] The order expressly disallowed "the costs Allied Industrial incurred in preparing its summary judgment motion . . . ." [Doc. 79 at 7.] In other words, by limiting the fee award to the costs incurred against defending against the defendants' Rule 12(b)(1) motion, the Court's remand order did not award any fees attributable to Allied Industrial's failure to expeditiously seek remand.

Finally, the defendants argue that the fee award should not include Allied Industrial's costs of defending against their 12(b)(1) motion because they would have filed that motion—forcing Allied Industrial to defend against it—even if the case had remained in state court. As evidence, the defendants point to another case in state court between the same parties in which the defendants successfully moved the state court to refer certain issues to the Surface Transportation Board. [Doc. 50-1 at 6-12.] The flaw in this argument is that even if the defendants had made the same motion in state court, Allied Industrial might not have opposed the motion; after all, that court had already decided the issue against Allied Industrial. And even if Allied Industrial did oppose the motion, motion practice on the issue would likely be less comprehensive before that court than before this Court, which had not yet expressed an opinion on the 12(b)(1) issue.

Thus, because the defendants' ground for removing this case was not objectively reasonable, and because no "unusual circumstances warrant a departure from the [normal] rule," *Martin*, 546 U.S. at 141, the Court **DENIES** their reconsideration motion. [Doc. 82.] Further, the Court

Case No. 4:09-CV-01904
Gwin, J.

**GRANTS** Allied Industrial's motion for attorney's fees and costs in the amount of $16,035.50.[3/]

[Doc. 83.]

      IT IS SO ORDERED.

Dated: April 14, 2010                  s/          *James S. Gwin*       
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[3/]The defendants advance three additional arguments for why Allied Industrial's claimed fees are excessive. [Doc. 88 at 6.]  All three fail.

    First, the defendants claim that Richard Streeter's legal services were for STB jurisdiction issues.  However, Streeter's time entry descriptions refer to federal jurisdiction and plausibly stem from defending against the defendants' Rule 12(b)(1) motion.

    Second, the defendants argue that "there is no verification that Mr. Streeter's hourly rate is reasonable." [Doc. 88 at 6.]  But they do not offer any ground for believing that Mr. Streeter's hourly rate is unreasonable.

    Third, the defendants argue that Allied Industrial's opposition to their reconsideration motion was untimely, and thus Allied Industrial's cost of preparing that opposition is not recoverable.  [Doc. 88 at 6.]  But as Allied Industrial points out, its opposition was not due until April 12th.  [Doc. 89 at 7 n.3.]